905 So.2d 1171 (2005)
Josephine O'ROURKE
v.
DAYS INN NEW ORLEANS, Days Inn Worldwide, Inc. d/b/a Days Inn New Orleans and Days Inn Acquisition Corporation d/b/a Days Inn New Orleans.
No. 2004-CA-1379.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 2005.
Josephine O'Rourke, New Orleans, In Proper Person, Plaintiff/Appellant.
Lorraine P. McInnis, Stephens & Grace, Metairie, Counsel for Defendant/Appellee.
Court composed of Judge MAX N. TOBIAS Jr., Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME.
LOMBARD, J.
This is an appeal of the trial court's granting Defendant's Motion for Summary Judgment. For the following reasons, we reverse.

PERTINENT FACTS AND PROCEDURAL HISTORY
Nora's Creole Café ("Nora's") operates as a restaurant located at the Days Inn *1172 New Orleans ("Days Inn") on Read Boulevard pursuant to a commercial lease between Days Inn New Orleans and Nora Lewis Dejoie d/b/a Nora's Creole Café. On or about May 24, 2001, one of Nora's employees, plaintiff/appellant, Josephine O'Rourke, allegedly slipped and fell while on Nora's premises. Appellant claimed she suffered injuries including, but not limited to, a fracture of the right elbow due to a defective and inoperable air conditioning system that allowed condensation to form on the floor creating a dangerous condition.
On May 22, 2002, Appellant filed a Petition for Damages against Days Inn New Orleans, Days Inn Worldwide, Inc., and Days Inn Acquisition Corporation alleging negligence and strict liability. On August 15, 2002, she amended her suit to add "Click Corp."[1] and its alleged insurer, Zurich U.S., as defendants. Thereafter, by joint motion, Days Inn, Days Inn Worldwide, Inc., and Days Inn Acquisition Corporation were dismissed from the suit without prejudice.
On June 4, 2004, the trial court heard and granted Click Corp.'s Motion for Summary Judgment.[2] The judgment was signed on June 16, 2004. Appellant timely filed this appeal on July 12, 2004.

LAW AND DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial judge's consideration of whether a summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767, p. 5 (La.3/30/95), 653 So.2d 1152, 1155. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The summary judgment procedure is favored and shall be construed to accomplish the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).
The initial burden of proof is on the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). However, once the mover has made a prima facie showing that the motion should be granted, if the non-movant bears the burden of proof at trial on the issue before the court, the burden shifts to him to present evidence demonstrating that material factual issues remain. La. C.C.P. art. 966(C)(2).
In the present case, Click Corp. asserts that the defective or inoperable condition of the air conditioning system is the sole and direct responsibility of Nora's. Section 5 of the lease relative to "Care and Maintenance of Premises" provides in pertinent part:
LESSEE acknowledges that the premises are in good order and repair, and accepts the leased premises in its "as is" condition. LESSEE shall, at her own expense and at all times, maintain the premises in good and safe condition, including plate glass, electrical wiring, plumbing and heating installations and any other system or equipment upon the premises and shall surrender the same, at termination thereof, in as good condition as received, normal wear and tear excepted. LESSEE shall be responsible *1173 for all repairs required, excepting the roof, exterior walls, and structural foundations, which shall be maintained by LESSOR.
It is clear that the responsibility for maintenance of the air conditioning unit rested squarely on the Lessee, Nora's. As such, Nora's is solely responsible for any negligence based upon a faulty or inoperable air conditioning system on Nora's premises. The record, however, is void of any evidence indicating the specific location where plaintiff's alleged accident occurred.[3] Thus, a question of material fact exists as to whether the accident occurred on Nora's property or on Days Inn's property.
The trial court erred in granting Click Corp.'s Motion for Summary Judgment. Accordingly, we reverse the judgment granting Click Corp.'s Motion for Summary Judgment and remand this matter to the trial court for further proceedings.
REVERSED; REMANDED.
BELSOME, J., concurs in result.
NOTES
[1] The actual defendant is Click Operating Corporation ("Click Corp."). Apparently, Click Corp. is doing business under the trade name of Days Inn.
[2] The actual motion was filed by Click Corp. and Maryland Casualty Company. Maryland Casualty Company is not otherwise identified in the record before us, but we assume that they insure Click Corp.
[3] No transcript of any proceeding held in this matter was filed into the record.