JOAN BERNARD ARMSTRONG, Chief Judge.
| ¶ This is an appeal from a summary judgment of the trial court dismissing the plaintiffs suit against Click Operating Corporation (Click) and Maryland Casualty Company (MCC). For the reasons that follow, we affirm.
*1213 Nora’s Creole Cafe (Nora’s) operates a restaurant located at the Days Inn hotel on Read Boulevard in Eastern New Orleans pursuant to a commercial lease between Days Inn New Orleans (Days Inn)[1] and Nora Lewis Dejoie, doing business as Nora’s Creole Cafe. On or about May 24, 2001, one of Nora’s employees, the plaintiff-appellant Josephine O’Rourke, allegedly slipped and fell while on Nora’s premises, claiming injuries caused by a defective and inoperable air conditioning system that allowed condensation to form on the floor, creating a dangerous condition. In May, 2002, Ms. O’Rourke filed a petition for damages naming as defendants Days Inn, Days Inn Worldwide, Inc. and Days Inn Acquisition Corporation (the Days Inn defendants), alleging negligence and strict liability pursuant to Articles 2317, 2322 and 2695 of the Louisiana Civil Code. Three months later, she amended her suit to add “Click Corp.” and its alleged | ¡Insurer, Zurich U.S. as defendants. Thereafter, by joint motion, the trial court dismissed the Days Inn Defendants without prejudice.
In 2004, the trial court granted Click’s motion for summary judgment, finding that pursuant to the lease between Click and Nora’s, the latter had sole responsibility for maintenance of the air-conditioning system. The lease agreement provided in pertinent part:
5. Care and Maintenance of Premises. LESSEE acknowledges that the premises are in good order and repair, and accepts the leased premises in its “as is” condition. LESSEE shall, at her own expense and at all times, maintain the premises in good and safe condition, including plate glass, electrical wiring, plumbing and heating installations and any other system or equipment upon the premises and shall surrender the same, at termination hereof, in as good condition as received, normal wear and tear excepted. LESSEE shall be responsible for all repairs required, excepting the roof, exterior walls, and structural foundations, which shall be maintained by LESSOR.
This Court reversed, holding:
It is clear that the responsibility for maintenance of the air-conditioning unit rested squarely on the Lessee, Nora’s. As such, Nora’s is solely responsible for any negligence based upon a faulty or inoperable air conditioning system on Nora’s premises. The record, however, is void of any evidence indicating the specific location where plaintiffs alleged accident occurred. Thus, a question of material fact exists as to whether the accident occurred on Nora’s property or on Days Inn’s property.
The trial court erred in granting Click Corp.’s Motion for Summary Judgment. Accordingly, we reverse the judgment granting Click Corp.’s Motion for Summary Judgment and remand this matter to the trial court for further proceedings.
O’Rourke v. Days Inn New Orleans, 04-1379, p. 3 (La.App. 4 Cir. 6/1/05), 905 So.2d 1171, 1173, writ denied, 05-1705 (La.1/9/06), 918 So.2d 1056.
|3In March, 2006, Click and MCC moved for summary judgment, adding to their previous supporting documentation Ms. O’Rourke’s responses to Request for Admissions of Fact, in which she admitted that (1) the accident took place on May 24, 2001; (2) the accident of May 24, 2001 occurred within the premises known as *1214 Nora’s Creole Cafe, and (3) on May 24, 2001, Ms. O’Rourke was an employee of Nora Lewis Dejoie, d/b/a Nora’s Creole Cafe. Click and MCC also filed certified copies of the trial court’s judgment and notice of judgment granting the prior motion for summary judgment and a copy of this Court’s reversing opinion.
In her opposition to the second motion for summary judgment in the trial court, Ms. O’Rourke asserted two claims: (1) the lease agreement is ambiguous, and (2) Click had notice of the air conditioning defect and thus is liable pursuant to La. R.S. 9:3221. Because the opinion of this Court in the prior appeal establishes as the law of the case that the lessee had responsibility for maintenance of the air conditioning unit, the only issue before us is whether Ms. O’Rourke was injured on leased premises. Since the record now establishes without contradiction that she was indeed injured on the leased premises, we affirm the trial court judgment dismissing her suit against click, Inc. with prejudice.
AFFIRMED.
CANNIZZARO, J. Dissents With Reasons.

. It appears that Click operated the hotel and signed the lease with Nora's under the name Days Inn New Orleans,